# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SHANE LANGSTON, | No. 2:16-CV-2361-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| GAMOLY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (Doc. 1). Plaintiff alleges defendants violated his Eighth Amendment rights by failing to protect him despite having knowledge that he was in danger. Plaintiff also alleges a violation of his Fourteenth Amendment rights.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///
///

1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Dr. Gamoly violated his eighth amendment rights to personal safety. Specifically, Plaintiff contends on January 1, 2016 (and on prior dates), he informed Dr. Gamoly that "due to a rape case, he had enemy and safety concerns and needed protect[ive] custody." Plaintiff alleges that due to Dr. Gamoly's deliberate indifference and failure to act on his concerns, Plaintiff was beaten on February 2, 2016, and February 3, 2016, resulting in damage to his face and left eye. Plaintiff states he was treated for his injuries to his head and eye. Plaintiff further states that his safety concerns, voiced to Dr. Gamoly, are supported by Sargent Corona and CCT Brown of the Department of Corrections. Plaintiff also contends that he was

subsequently provided "protection on sensitive need yard." Additionally, Plaintiff states that the "defendants" have violated his Fourteenth Amendment rights.

## II. ANALYSIS

Plaintiff alleges Dr. Gamoly failed to protect him despite knowing he was in imminent threat of harm. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists if: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's

safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

Despite naming multiple defendants in his complaint, Plaintiff only alleges facts related to Dr. Gamoly. Plaintiff seems to allege Dr. Gamoly is a psychologist at the prison. Because the complaint alleges Dr. Gamoly is a physician who contracts with the prison to provide medical service, Dr. Gamoly is a proper defendant. See West v. Atkins, 487 U.S. 42, 53-54 (1988). However, because there are no facts related to Defendants Blackford, Roy Dollarhide, Nyrene Clark, Mier, or Fox, they are not proper defendants and thus any claim against them must be dismissed. If Plaintiff wishes to allege additional facts related to any defendant(s) other than Dr. Gamoly, he must file an amended complaint realleging the factual allegations against Dr. Gamoly and including additional factual allegations against the other defendants.

In order for Plaintiff to establish the liability of a prison official for failure to protect, he must demonstrate that the prison official was deliberately indifferent to serious threats to his safety or to his health. See Farmer, 511 U.S. at 834, 837. This is satisfied, at the pleading stage, if Plaintiff can allege sufficient facts that (1) his conditions of incarceration objectively presented a substantial risk of serious harm and (2) the prison official(s) knew of and disregarded that risk. Id. The complaint here alleges the conditions of Plaintiff's incarceration presented a substantial risk to his safety because he is labeled as a rapist and targeted by other inmates. He further alleges that he informed Dr. Gamoly of this fact, requested more protective confinement, and was denied it. Based on this information, Plaintiff has plead sufficient fact to proceed past the screening stage on his claim against Dr. Gamoly.

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claim against defendant Gamoly, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the remaining defendants be dismissed, as well as such further orders as are necessary for service of process as to defendant Gamoly.

IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: November 19, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5