**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER SHANE LANGSTON,<br><br>  Plaintiff,<br><br>  v.<br><br>GAMOLY, et al.,<br><br>  Defendants. | No. 2:16-CV-2361-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

The Court initially addressed plaintiff's complaint in a screening order.  See ECF No. 11.  In that order, the Court summarized plaintiff's allegations as follows:

> Plaintiff alleges that Dr. Gamoly violated his eighth amendment rights to personal safety. Specifically, Plaintiff contends on January 1, 2016 (and on prior dates), he informed Dr. Gamoly that "due to a rape case, he had enemy and safety concerns and needed protect[ive] custody." Plaintiff alleges that due to Dr. Gamoly's deliberate indifference and failure to act on his concerns, Plaintiff was beaten on February 2, 2016, and February 3, 2016, resulting in damage to his face and left eye. Plaintiff states he was treated for his injuries to his head and eye. Plaintiff further states that his safety concerns, voiced to Dr. Gamoly, are supported by Sargent Corona and CCT Brown of the Department of Corrections. Plaintiff also contends that he was subsequently provided "protection on sensitive need yard." Additionally, Plaintiff states that the "defendants" have violated his Fourteenth Amendment rights.

Id. at 2-3.

As to the sufficiency of plaintiff's claims, the Court determined that plaintiff states a cognizable claim against defendant Gamoly.  See id. at 4.  As to the remaining defendants, the Court stated:

> However, because there are no facts related to Defendants Blackford, Roy Dollarhide, Nyrene Clark, Mier, or Fox, they are not proper defendants and thus any claim against them must be dismissed. If Plaintiff wishes to allege additional facts related to any defendant(s) other than Dr. Gamoly, he must file an amended complaint realleging the factual allegations against Dr. Gamoly and including additional factual allegations against the other defendants.

Id.

Plaintiff was provided an opportunity to file a first amended complaint and cautioned as follows:

> Because the complaint appears to otherwise state cognizable claim against defendant Gamoly, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the remaining defendants be dismissed, as well as such further orders as are necessary for service of process as to defendant

///

Gamoly.

Id. at 5.

To date, plaintiff has not filed a first amended complaint, appearing to elect instead to proceed on the original complaint against defendant Gamoly only. Accordingly, the Court will recommend dismissal of all other defendants and, by separate order, will direct service of process on defendant Gamoly.

Based on the foregoing, the undersigned recommends that Blackford, Dollarhide, Clark, Mier, and Fox be dismissed as defendants to this action, which shall proceed against defendant Gamoly only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 17, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE