**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER SHANE LANGSTON, | No. 2:16-CV-2361-JAM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GAMOLY, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss for lack of prosecution. ECF No. 22. The undersigned United States Magistrate Judge recommends granting the motion.

## I. BACKGROUND

Plaintiff filed this action on October 3, 2016. ECF No. 1. Plaintiff initially brought suit against six defendants: Gamoly, Blackford, Roy Dollarhide, Nyrene Clark, Mier, and Fox. Id. at 2. The previous Chief United States District Judge later ordered this case reassigned to the undersigned United States Magistrate Judge on September 4, 2018. ECF No. 10. The Court then screened Plaintiff's complaint under 28 U.S.C. § 1915A on November 19, 2018. ECF No. 11. The Court found that Plaintiff's claims against Gamoly were viable. Id. at 4–5. Plaintiff's claims against the other defendants were defective. Id. The Court dismissed the complaint with leave to amend to correct the defects. Id. at 5. Furthermore, the Court admonished Plaintiff that, if he did not file an

amended complaint, the Court would issue findings and recommendations recommending that the defective claims dismissed and that the case proceed only against Gamoly. Id.

Plaintiff did not file an amended complaint. On June 17, 2020, the Court ordered the original complaint served on Gamoly. ECF No. 12. On the same day, the Court issued findings and recommendations recommending that this case proceed only on Plaintiff's claims against Gamoly, and that all other defendants be dismissed. ECF No. 16. The United States District Judge assigned to this case adopted the findings and recommendations and dismissed Blackford, Dollarhide, Clark, Mier, and Fox as defendants. ECF No. 17. The District Judge's Order could not be served on Plaintiff and the mailed documents were returned as undeliverable. The Court ordered Plaintiff to file a Notice of Change of Address before November 2, 2020. Plaintiff never did so.

Defendant Gamoly filed an answer on September 25, 2020. ECF No. 20. The Court subsequently issued a Discovery and Scheduling Order on October 30, 2020. ECF No. 21. The Order was also again unable to be served on Plaintiff. The Court ordered Plaintiff to file a Notice of Change of Address by January 22, 2021. To date, Plaintiff has not filed a Notice of Change of Address. As a result, Defendant has apparently been unable to communicate with Plaintiff, and no discovery has occurred. ECF No. 22 at 1–2.

The last activity from Plaintiff in this case was when he filed a notice of change of address of his own accord on August 15, 2017, prior to most of the procedural history above.

## II. STANDARD OF REVIEW

This Court's Local Rules provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. District courts possess inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984). District courts are best suited to determine a delay in a given action interferes with the Court's docket and the public interest. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) [hereinafter In re PPA].

The Court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (discussing dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (discussing dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (discussing dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (discussing dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1422–25 (9th Cir. 1986) (discussing dismissal for lack of prosecution and failure to comply with local rules).

The Court must consider a number of factors when determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules,: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See, e.g., In re PPA 460 F.3d at 1226; Ghazali, 46 F.3d at 53; see also Evans v. Terrazas, No. 2:09-cv-00292-TLN-AC, 2019 WL 3766936, at *1 (E.D. Cal. Aug. 9, 2019).

### III. DISCUSSION

The Court has weighed the required five factors discussed above.

The public interest in expeditiously resolving litigation and the Court's need to manage its own docket weigh heavily in favor of dismissal. This case has been pending since 2016 in an overburdened district. Even with delays attributable to reassignment of this case to the undersigned and gaps between orders, Plaintiff has had vast amounts of time to pursue his case.

Furthermore, the risk of prejudice to defendants also weighs in favor of dismissal. The law presumes prejudice from unreasonable delays in prosecution of cases. In re PPA., 460 F.3d at 1227; Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Defendant has been unable to conduct discovery, hindering his ability to proceed to trial and defend himself from the Plaintiff's allegations. See ECF No. 22-1 at 4–5; In re PPA, 460 F.3d at 1227–28; Malone, 833 F.3d at 131.

The Court has considered alternatives in granting Plaintiff multiple opportunities to update his address so that he may properly prosecute this action.[1] Less drastic sanctions that the Court may consider also include warnings, formal reprimands, pushing the case to the bottom of the docket, imposing costs or fees, or precluding claims or defenses. In re PPA, 460 F.3d at 1228, 1249–50; Evans, 2019 WL 3766936, at *2. The Court has considered those possibilities and concludes that none are feasible. Plaintiff has not participated in this case since 2017.

Finally, although public policy favors resolution of cases on the merits, that factor is greatly outweighed by the factors favoring dismissal of a case that has languished for nearly five years. The Ninth Circuit has been clear that cases that are unreasonably hindered by a party's failure to adhere to deadlines cannot progress toward resolution on the merits. In re PPA, 460 F.3d at 1228; Evans, 2019 WL 3766936, at *2. The Ninth Circuit, for that reason, has acknowledged that the policy favoring resolution on the merits offers little support to parties who are responsible for progressing litigation but whose conduct precludes that progress. In re PPA, 460 F.3d at 1228; Evans, 2019 WL 3766936, at *2.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Court notes also that the Local Rules specifically state that pro se parties must keep the Court informed of a current address. L.R. 183(b). The Court may dismiss an action without prejudice for failure to do so. See id.

# IV. RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders. Accordingly, the undersigned recommends that Defendant's motion to dismiss this case for lack of prosecution (ECF No. 22) be **GRANTED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 26, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE